The Employment Law Firm
Cynthia L. Pollick, LLM
I.D. No.: 83826
Greater Pittston Professional Center
126 S. Main Street, Suite 201
Pittston, PA 18640
(570) 654-9675

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POLICE OFFICER<br>KAREN GALLAGHER | : <br> : <br> : | CIVIL ACTION – LAW |
| Plaintiff | : <br> : | JURY TRIAL DEMANDED |
| v. | : <br> : | |
| BOROUGH OF DICKSON CITY,<br>ROBERT WILTSHIRE, Individually<br>and in his capacity as Councilman,<br>ANTHONY GALLIS, Individually<br>and in his capacity as Councilman,<br>PETER NOVAJOSKY, Individually<br>and in his capacity as Councilman<br>AND WILLIAM BOTT, Individually<br>and in his capacity as Councilman | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants | : | NO. |

## **COMPLAINT**

NOW comes the Plaintiff, KAREN GALLAGHER, by her attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

# PARTIES[1]

1. Plaintiff, POLICE OFFICER KAREN GALLAGHER, presently resides in Lackawanna County. Plaintiff OFFICER GALLAGHER was terminated from the Defendant BOROUGH OF DICKSON CITY (hereinafter "DICKSON CITY") on or about February 8, 2005, as a Police Officer.

2. Defendant, BOROUGH OF DICKSON CITY, is a Commonwealth municipality with a principal office at DICKSON CITY Municipal Building, DICKSON CITY, PA 18519.

3. Defendant, ROBERT WILTSHIRE, was the President of Defendant DICKSON CITY Borough of Council at the time in question and is being sued in his individual and official capacity as President of Council.

4. Defendant, ANTHONY GALLIS, is a member of Defendant DICKSON CITY Borough of Council and in the majority at the time in question and is being sued individually and in his capacity as Councilman.

5. Defendant, WILLIAM BOTT, was a member of Defendant DICKSON CITY Borough of Council and in the majority at the time in question and is being sued individually and in his capacity as Councilman.

---

[1] Plaintiff notes that the individuals are being sued in their capacity as Council members for clarity and acknowledges that suit against the individuals in their official capacity is suit against the municipality. Additionally, Plaintiff is suing the individuals in their personal capacity.

6. Defendant, PETER NOVAJOSKY, is a member of Defendant DICKSON CITY Borough of Council and in the majority at the time in question and is being sued individually and in his capacity as Councilman.

7. All times pertinent hereto, Defendants WILTSHIRE, GALLIS, BOTT, NOVAJOSKY were servants, agents, and/or employees of Defendant Borough of Dickson City and were acting under color of state law when they engaged in official policy, custom, and decision to terminate OFFICER GALLAGHER and harm her.

## JURSIDICTION

8. This suit is brought and jurisdiction lies pursuant to the 42 U.S.C. § 1983 for federal and state constitutional violations of Plaintiff OFFICER GALLAGHER's rights to Equal Protection of the Law, First Amendment retaliation, gender discrimination/harassment pursuant to 42 U.S.C. § 2000e, *et seq.*, retaliation and state claims under the Pennsylvania Human Relations Act (PHRA), 42 Pa. Con. Stat. Ann. § 951, *et seq.*.

# COUNT I
# VIOLATION OF OFFICER GALLAGHER'S
# CONSTITUTIONAL RIGHT TO EQUAL PROTECTION OF THE LAW;
# VIOLATION OF TITLE VII,
# GENDER DISCRIMINATION/HARASSMENT
# PLAINTIFF V. DEFENDANTS[2]

9. Plaintiff, OFFICER GALLAGHER, hereby incorporates by reference paragraphs one (1) through eight (8) above as if set forth herein at length.

10. OFFICER GALLAGHER is a twenty-six year old female.

11. OFFICER GALLAGHER was hired as a part-time Police Officer in January 2004.

12. At the time of OFFICER GALLAGHER's discharge, she was making $14.50 per hour.

13. At the time OFFICER GALLAGHER was fired, she was the only female working for the Police Department.

14. During her employment with Defendant Borough of DICKSON CITY, Officer Gallagher was subjected to harassing comments from full-time Officer Dave Spinello, including but not limited to the following:

    a. Officer Spinello stated to Officer Gallagher that she should be on the partially nude girly calendar that was posted in the department instead of working as a Police Officer;

---

[2] Individual Defendants are being sued pursuant to 1983 and not Title VII.

    b.    Officer Spinello stated that women don't belong in law enforcement;

    c.    Officer Spinello also stated that women don't belong in the police department.

    d.    Officer Spinello referred to woman as "broads", "chicks";

    e.    Officer Spinello called Officer Gallagher a "broad" and "chick";

    f.    Officer Spinello stated to Officer Gallagher that she should be our [department's] secretary;

    g.    Officer Spinello stated to Officer Gallagher that the last "broad" got his radio for him;

    h.    Officer Spinello stated that "broads" should be in the kitchen;

15. OFFICER GALLAGHER complained about the above treatment of Officer Spinello and that Officer Spinello was subjecting her to a hostile work environment to DICKSON CITY.

16. Defendants WILSTHIRE, GALLIS, NOVAJOSKY and BOTT (hereinafter collectively referred to as the "majority"), the then majority of Borough Council knew about that Officer Spinello was harassing OFFICER GALLAGHER but refused to take prompt remedial action to correct the situation.

17. Instead of helping OFFICER GALLAGHER, the majority of council terminated her employment on February 9, 2005.

18. Since OFFICER GALLAGHER was terminated, Defendants have hired two (2) male part-time Police Officers.

19. OFFICER GALLAGHER was discriminated against and harassed because of her gender and fired in retaliation for complaining of discrimination.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 and Pennsylvania Constitution, including but not limited to back pay, injunction, nominal damages, punitive damages, attorney fees and costs, pre- and post- interest, delay damages, letters of good reference and emotional distress.

### COUNT II
### VIOLATION OF OFFICER GALLAGHER'S
### CONSTITUTIONAL RIGHT TO EQUAL PROTECTION OF THE LAW;
### VIOLATION OF TITLE VII, RETALIATION
### PLAINTIFF V. DEFENDANTS[3]

20. Plaintiff, OFFICER GALLAGHER, hereby incorporates by reference paragraphs one (1) through nineteen (19) above as if set forth herein at length.

21. After OFFICER GALLAGHER complained of the hostile work environment treatment, she was retaliated against by being singled out and fired by the majority of Council, Defendants WILSTHIRE, GALLIS, BOTT, and NOVAJOSKY.

22. OFFICER GALLAGHER was fired on or about February 9, 2005.

---

[3] Individual Defendants are being sued pursuant to 1983 and not Title VII.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 and Pennsylvania Constitution, including but not limited to back pay, injunction, nominal damages, punitive damages, attorney fees and costs, pre- and post- interest, delay damages, letters of good reference and emotional distress.

### COUNT III
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### GENDER DISCRIMINATION/HARASSMENT/RETALIATION
### PLAINTIFF vs. DEFENDANT DICKSON CITY

23. Plaintiff, OFFICER GALLAGHER, hereby incorporates by reference paragraphs one (1) through twenty-two (22) above as if set forth herein at length.

24. The actions of Defendants as previously set forth above constitute gender discrimination, harassment and retaliation under the PHRA. These acts were done in violation of 43 P.S. § 955 *et seq.* entitling Plaintiff to compensatory damages and any other damages at this Court sees fit.

**WHEREFORE**, Plaintiff seeks the following from Defendants, including but not limited to back pay emotional distress, embarrassment, humiliation, attorney fees, costs, expenses, pre-and post judgment interest, delay damages, letters of good reference, reformation of Plaintiff's employment records, employment benefits, and other such legal and equitable relief as allowable at law.

## COUNT IV
## VIOLATION OF PHRA
## INDIVIDUAL LIABILITY
## PLAINTIFF V. DEFENDANTS WILTSHIRE, BOTT, GALLIS AND NOVAJOSKY

25. Plaintiff, OFFICER GALLAGHER, hereby incorporates by reference paragraphs one (1) through twenty-four (24) above as if set forth herein at length.

26. Defendants WILSTHIRE, GALLIS, NOVAJOSKY and BOTT, as supervisors/councilmen, were aiding and abetting DICKSON CITY when Officer Spinello discriminated and harassed Plaintiff because of her gender and when DICKSON CITY retaliated against Plaintiff by firing in response to her complaints.

27. Based on the aforementioned, it is clear that Defendants WILSTHIRE, GALLIS, NOVAJOSKY and BOTT discriminated against Plaintiff in violation of PHRA, and therefore, are individually liable for such conduct.

**WHEREFORE**, Plaintiff seeks the following from Defendants WILSTHIRE, GALLIS, NOVAJOSKY and BOTT, including but not limited to back pay, front pay, emotional distress, embarrassment, humiliation, attorney fees, costs, expenses, pre-and post judgment interest, delay damages, letters of good reference, reformation of Plaintiff's employment records, employment benefits, and other such legal and equitable relief as allowable at law.

## COUNT V
## FIRST AMENDMENT RETALIATION CLAIM
## FREEDOM OF SPEECH
## PLAINTIFF V. DEFENDANTS

28. Plaintiff, OFFICER GALLAGHER, hereby incorporates by reference paragraphs one (1) through twenty-seven (27) above as if set forth herein at length.

29. OFFICER GALLAGHER's complaints about the sexual offensive conduct of Officer Spinello was a matter of public concern since the community certainly has an interest in not having sexist, harassing Police Officers patrolling their community.

30. As a result of speaking out against the conduct of Officer Spinello, OFFICER GALLAGHER was retaliated against by being terminated.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 and Pennsylvania Constitution, including but not limited to back pay, injunction, nominal damages, punitive damages, attorney fees and costs, pre- and post- interest, delay damages, letters of good reference and emotional distress.

## COUNT VI
## VIOLATION OF OFFICER GALLAGHER'S
## CONSTITUTIONAL RIGHTS
## FAILURE TO TRAIN
## PLAINTIFF V. DEFENDANT DICKSON CITY

31. Plaintiff, OFFICER GALLAGHER, hereby incorporates by reference paragraphs one (1) through thirty (30) above as if set forth herein at length.

32. Defendant DICKSON CITY failed to train its employees and agents not to sexually harass fellow employees, to take prompt remedial action to correct the situation once alerted of the same, and to not retaliate against someone who complains of discrimination/harassment.

33. Defendant DICKSON CITY was deliberately indifferent to OFFICER GALLAGHER'S rights and intentionally failed to train its employees adequately as referenced above as well as failed to have policies in place prohibiting the conduct in question.

34. Defendant DICKSON CITY'S failure to train caused OFFICER GALLAGHER to be harmed as stated above.

**WHEREFORE**, Plaintiff seeks all remedies available, including but not limited back wages, restoration of benefits, nominal damages, punitive damages, attorney fees and costs, pre- and post- interest, delay damages, reformation of Plaintiff's employment records, letters of good reference, injunctive relief, and emotional distress.

A Jury Trial is demanded on all counts.

By: s/ Cynthia L. Pollick
Cynthia L. Pollick, Esquire
Pa. I.D. No.: 83826
Greater Pittston Professional Center
126 S. Main Street, Suite 201
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com